Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/26/2026 08:07 AM CDT

- 709 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 321 Neb. 709

State of Nebraska ex rel. Counsel for Discipline of
the Nebraska Supreme Court, relator, v.
Dustin Garrison, respondent.
___ N.W.3d ___

Filed June 26, 2026.    No. S-26-390.

Original action. Judgment of disbarment.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Dustin Garrison, on May 22, 2026. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on April 15, 2008. On May 22, 2026, the respondent filed a voluntary surrender of his license to practice law. At all times relevant to these proceedings, the respondent was engaged in the practice of law throughout Nebraska, including in Gage, Hamilton, Sarpy, Douglas, Lancaster, and York Counties. Pursuant to Neb. Ct. R. § 3-302, the respondent is under the jurisdiction of the Committee on Inquiry of the Fifth Judicial District.

Relevant facts are set forth in the voluntary surrender. On December 8, 2025, the relator, the Counsel for Discipline

- 710 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 321 Neb. 709

of the Nebraska Supreme Court, received a grievance from judges in York and Hamilton Counties alleging that the respondent failed to appear in multiple cases, causing his clients to appear without counsel. On February 24, 2026, the relator received a grievance from opposing counsel alleging that despite having received two cease-and-desist letters, the respondent contacted a legally represented party. On April 23, the relator received a grievance from a former client alleging negligence, failure to appear at court, the filing of counter-offers on plea agreements without client consent, and refusal to return client files and property. On May 4, the relator received a grievance from a judge alleging that the respondent failed to provide discovery as ordered by the court, failed to appear in court as ordered, was sanctioned for failing to comply with court orders, and failed to fulfill his duties to his client. The grievance further stated that all evidence filed on behalf of his client was deemed inadmissible due to the respondent's failure to comply with the court's orders.

On May 22, 2026, the respondent filed a voluntary surrender of his license to practice law. The respondent states that for purposes of this voluntary surrender, he knowingly does not challenge or contest the truth of the allegations set forth in the grievances against him. The respondent freely and voluntarily consents to the entry of an order of disbarment and voluntarily waives his right to notice, appearance, or hearing prior to the entry of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly

- 711 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GARRISON
Cite as 321 Neb. 709

does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.